**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502; CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, <br><br>Plaintiffs, <br><br>vs. <br><br>EVANS & SON BLACKTOP, INC., an Illinois corporation, and HOWARD JONES, an individual, <br><br>Defendants. | CASE NO.: 25-cv-11741 <br><br>JUDGE: <br><br>MAG. JUDGE: |

**COMPLAINT**

NOW COME Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502, the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, and the CEMENT

MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants, EVANS & SON BLACKTOP, INC., and HOWARD JONES, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL NO. 502 ("PENSION FUND"), the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND ("WELFARE FUND"), the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("ANNUITY FUND"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("SAVINGS FUND"), the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND ("TRAINING FUND"), and the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND ("RETIREE WELFARE FUND") (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors

      Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. § 1002(37)(A).

4. The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST ("LMCC") is a labor management cooperation committee organized under federal law that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of EVANS & SON BLACKTOP, INC.'s ("EVANS") cement mason employees.

7. Defendant EVANS is an Illinois corporation with its principal place of business in West Chicago, Illinois.

8. Defendant HOWARD JONES ("JONES") is the Vice President of EVANS that resides in Wayne, Illinois.

**COUNT I**
**BREACH OF CONTRACT – EVANS**

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. EVANS entered into a Memorandum of Agreement with the UNION. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**).

11. Through the Memorandum of Agreement, EVANS recognized the UNION as the exclusive majority representative of its cement mason employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159). (**Exhibit 1**).

12. Through the Memorandum of Agreement, EVANS also became bound to the Collective Bargaining Agreement ("CBA") between the UNION and the Concrete Contractors Association of Greater Chicago in effect during the period of June 1, 2021, through May 31, 2026. (A copy of the CBA is attached as **Exhibit 2**).

13. Through the CBA and Memorandum of Agreement, EVANS agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements"). (**Exhibit 2**).

14. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, EVANS is required to report hours worked by its cement mason employees on a monthly basis and pay contributions to the TRUST FUNDS and LMCC for each hour that a cement mason employee performs any work at the negotiated rate set forth in the CBA. (**Exhibit 2**).

15. Pursuant to the CBA and properly executed check-off cards, EVANS is required to deduct $3.77 (from June 1, 2024, through May 31, 2025) and $3.88 (from June 1, 2025, through May 31, 2026) from its cement mason employees' wages for each hour paid as dues and transmit the dues to the UNION. (**Exhibit 2**); (A copy of the notice identifying the wage and benefit rates in effect from June 1, 2024, through May 31, 2025, is attached as **Exhibit 3**); (A copy of the notice identifying the wage and benefit rates in effect from June 1, 2025, through May 31, 2026, is attached as **Exhibit 4**).

16. Pursuant to the CBA, EVANS is required to report all hours, pay contributions and transmit dues on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to pay contributions to the TRUST FUNDS and the LMCC, and transmit dues to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

18. EVANS has reported hours but failed to remit payment of contributions to the TRUST FUNDS and the LMCC, and transmit dues to the UNION, for the month of May 2025 in the amount of $14,738.06, which is itemized as follows:

| Month: | Contributions & Dues: |
|---|---|
| May 2025 | $14,738.06 |
| Total: | **$14,738.06** |

19. As a result of EVANS's failure to timely remit payment of contributions and transmit dues for the work month of May 2025, EVANS owes the TRUST FUNDS, LMCC, and the UNION liquidated damages in the amount of $2,210.71, which is itemized as follows:

| Month: | Liquidated Damages: |
|---|---|
| May 2025 | $2,210.71 |
| Total: | **$2,210.71** |

20. A cement mason employee of EVANS, Aurelio Ibarra ("Ibarra"), reported check stubs to the UNION for work performed for the period of April 2025 through June 2025. The check stubs revealed EVANS paid Ibarra 311.5 hours of wages during the period, but EVANS

only reported 132 hours on Ibarra's behalf for the month of May 2025 during this period to the TRUST FUNDS and UNION.

21. EVANS has failed to report hours and pay contributions to the TRUST FUNDS and LMCC, and transmit dues to the UNION on behalf of Ibarra for the period of April 2025 through June 2025, in the aggregate amount of $9,112.24, which is itemized as follows:

| Months: | Contributions & Dues: |
|---|---|
| April 2025 – June 2025 | $9,112.24 |
| Total: | **$9,112.24** |

22. EVANS has not reported all hours worked by its cement mason employees during the period of April 2025 through present. Accordingly, EVANS owes contributions and dues, along with the resulting liquidated damages (if the contributions and dues are not timely received), for the period of April 2025 through present in an unknown amount.

23. EVANS has an ongoing obligation under the CBA to pay contributions and transmit dues on behalf of its cement mason employees; accordingly, additional contributions, dues, and liquidated damages may become due and owing.

24. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from EVANS.

25. EVANS is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against EVANS in the amount of $14,738.06 for contributions and dues owed for the month of May 2025;

B. That Judgment be entered in favor of Plaintiffs and against EVANS in the amount of $2,210.71, for liquidated damages resulting from the late payment of contributions and dues owed for the month of May 2025;

C. That Judgment be entered in favor of Plaintiffs and against EVANS in the amount of $9,112.24 for contributions and dues owed on behalf of Ibarra based on unreported hours for the period of April 2025 through June 2025.

D. That Judgment be entered in favor of Plaintiffs and against EVANS for contributions and dues, along with the resulting liquidated damages, for work performed during the period of April 2025 through present in an unknown amount;

E. That EVANS be ordered to produce all payroll records for its cement mason employees to Plaintiffs for the period of April 2025 through present;

F. That Judgment be entered in favor of Plaintiffs and against EVANS for any and all other contributions, dues and liquidated damages found to be due and owing in addition to those referenced in Paragraphs A through D above;

G. That EVANS be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

H. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at EVANS's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT - DEFENDANT HOWARD JONES

26. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-25 of this Complaint with the same force and effect as if fully set forth herein.

27. JONES, in his capacity as Vice President of EVANS, signed the Memorandum of Agreement with the UNION. (**Exhibit 1**).

28. The Memorandum of Agreement states as follows:

> "The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefit funds as required by this Agreement."

(**Exhibit 1** at ¶7).

29. Through the Memorandum of Agreement, JONES, personally, became jointly and severally liable with EVANS for all dues obligations to the UNION and contribution obligations to the TRUST FUNDS and LMCC.

30. JONES has failed to remit payment of contributions to the TRUST FUNDS and the LMCC, and transmit dues to the UNION, for the month of May 2025 in the amount of $14,738.06, which is itemized as follows:

| Month: | Contributions & Dues: |
|---|---|
| May 2025 | $14,738.06 |
| **Total:** | **$14,738.06** |

31. As a result of JONES's failure to timely remit payment of contributions and transmit dues for the work month of May 2025, JONES owes the TRUST FUNDS, LMCC and the UNION liquidated damages in the aggregate amount of $2,210.71, which is itemized as follows:

| Month: | Liquidated Damages: |
|---|---|
| May 2025 | $2,210.71 |
| **Total:** | **$2,210.71** |

32. JONES has failed to report hours and pay contributions to the TRUST FUNDS and LMCC, and transmit dues to the UNION on behalf of Ibarra for the period of April 2025 through June 2025, in the aggregate amount of $9,112.24, which is itemized as follows:

| Months: | Contributions & Dues: |
|---|---|
| April 2025 – June 2025 | $9,112.24 |
| **Total:** | **$9,112.24** |

33. JONES has not reported all hours worked by EVANS's cement mason employees during the period of April 2025 through present. Accordingly, JONES owes contributions and dues, along with the resulting liquidated damages (if the contributions and dues are not timely received), for the period of April 2025 through present in an unknown amount.

34. JONES has an ongoing obligation under the CBA to pay contributions and transmit dues on behalf of EVANS's cement mason employees; accordingly, additional contributions, dues, and liquidated damages may become due and owing.

35. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from JONES.

36. JONES is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against JONES in the amount of $14,738.06 for contributions and dues owed for the month of May 2025;

B. That Judgment be entered in favor of Plaintiffs and against JONES in the amount of $2,210.71, for liquidated damages resulting from the late payment of contributions and dues owed for the month of May 2025;

C. That Judgment be entered in favor of Plaintiffs and against JONES in the amount of $9,112.24 for contributions and dues owed on behalf of Ibarra based on unreported hours for the period of April 2025 through June 2025.

D. That Judgment be entered in favor of Plaintiffs and against JONES for contributions and dues, along with the resulting liquidated damages, for work performed during the period of April 2025 through present in an unknown amount;

E. That JONES be ordered to produce all payroll records for EVANS's cement mason employees to Plaintiffs for the period of April 2025 through present;

F. That Judgment be entered in favor of Plaintiffs and against JONES for any and all other contributions, dues and liquidated damages found to be due and owing in addition to those referenced in Paragraphs A through D above;

G. That JONES be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

H. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at JONES's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502,** *et al.*

/s/ Edward P. Barry – 6348821
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 788-2917
barry@johnsonkrol.com